IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENITO MANZANARES; CHRISTOPHER DAVID THOMAS CARLTON; JAKE M. STRICKLAND; JACOB D. BROOKS; MICHAEL D. HUNTER; FRANK L. MARTIN; SAMUEL G. DYE; BOBBY L. NEVARES; WILLIAM E. BOLDEN; JOHN M. WYATT, III; CODY M. O'DEA; SCOTTIE WALLACE; personally and individually, and for and on behalf of their Minor Children;<br>　　　　Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF UTAH; MARK L. SHURTLEFF; and JOHN E. SWALLOW, in both their personal/individual and official capacities; and JOHN DOES I TO XX;,<br><br>　　　　Defendants. | **ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF NO. 18) AND DENYING MOTION TO DISMISS (ECF NO. 6) AS MOOT**<br><br>Case No. 2:14-cv-00040-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On June 2, 2014, Plaintiffs Robert Benito Manzanares, Christopher David Thomas Carlton, Jake M. Strickland, Jacob D. Brooks, Michael D. Hunter, Frank L. Martin, Samuel G. Dye, Bobby L. Nevares, William E. Bolden, John M. Wyatt, III, Cody M. O'Dea, and Scottie Wallace (collectively "Manzanares") filed a Motion and supporting Memorandum requesting leave to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 18.) The Court[1] GRANTS the Motion. The Court finds the requested modification of named parties consistent with the requirements of justice and permissible under the Federal Rules. The

---

[1] On May 16, 2014, District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.)

removal of The Office of the Attorney General of the State of Utah ("UAG") moots the UAG's March 6th Motion to Dismiss (ECF No. 6), as the proposed Amended Complaint no longer lists it as a party to this case.

## STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs the Court to "freely give leave" for parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts liberally grant motions for leave to amend on the policy that pleadings should enable the parties to have a claim heard on its merits. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999). Courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## DISCUSSION

Manzanares moves to amend his Complaint to add Utah Attorney General Sean D. Reyes as a Defendant and remove the UAG to address the concerns in the UAG's Motion to Dismiss (ECF No. 6). (Pl.'s Mot. 2-3, ECF No. 18.). Manzanares also requests leave to add additional named plaintiffs seeking relief. These changes are not of the limited type described in *Duncan* as warranting denial of the Motion. 397 F.3d at 1315. Because the dispute has not proceeded beyond its earliest stages, no undue delay will occur. The removal of the UAG moots any possibility of prejudice against its interests, and there is no indication of improper motive.

A court should deny leave to amend "where amendment would be futile," which occurs when "the complaint, as amended, would be subject to dismissal." *Jefferson Co. Sch. Dist. No.*

*R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  To avoid dismissal, a complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  Thus the plaintiff must plead a plausible set of facts upon which a court could grant relief.  Manzanares' Proposed Amended Complaint goes beyond mere recitation of a cause of action.  The Court finds Manzanares' proposed Amended Complaint pleads particular facts likely making plausible their claim that the Defendants' actions or inactions deprived Manzanares of his constitutional rights.  The Defendants will, of course, have the ability to challenge the Amended Complaint once served.

      Accordingly, the Court GRANTS the Motion to Amend.

## CONCLUSION

      This Court finds Manzanares provides sufficient facts in their Motion to suggest amending their Complaint furthers the interests of justice and would not prove futile. Based upon the arguments presented, the Court hereby GRANTS Manzanares' Motion for Leave to Amend Complaint.

Dated this 1st day of October, 2014.

                                              BY THE COURT:

                                              Evelyn J. Furse
                                              United States Magistrate Judge