DAVID N. WOLF (6688)
DARIN B. GOFF (11355)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: dgoff@utah.gov

*Attorneys for Defendants Mark L. Shurtleff and John E. Swallow*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENITO MANZANARES; CHRISTOPHER DAVID THOMAS CARLTON; JAKE M. STRICKLAND; JACOB D. BROOKS; FRANK L. MARTIN; SAMUEL G. DYE; BOBBY L. NEVARES; WILLIAM E. BOLDEN; JOHN M. WYATT, III; CODY M. O'DEA; SCOTTIE WALLACE; NIKOLAUS L. THURNWALD; TERRY J. ACHANE; JOHNATHON C. CRAWFORD-HARRIS; CODY FOWLER; AUSTIN B. KNUDSON; DALLIN CURRY; C. CLINT WORSLEY; TRAVIS J. ANDERSON; RANDY COLE; MASON MEEDERINK; GERALD LAWSON, JR.; and GARRETT CONDOS; et al., personally and individually, and for and on behalf of their Minor Children,<br><br>   Plaintiffs,<br>v.<br><br>ATTORNEY GENERAL SEAN D. REYES, ATTORNEY GENERAL OF THE STATE OF UTAH; MARK L. SHURTLEFF; and JOHN E. SWALLOW, in both their personal/individual and official capacities; and JOHN DOES I to XX,<br><br>   Defendants. | **DEFENDANTS SHURTLEFF AND SWALLOW'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br><br><br>Case No. 2:14-cv-00040-DN-EJF<br><br>District Court Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Defendants Mark L. Shurtleff and John E. Swallow, by and through counsel, David N. Wolf and Darin B. Goff, Assistant Attorneys General, hereby reply to Plaintiffs' Memorandum in Opposition to Defendant Shurtleff and Swallow's Motion to Dismiss.  As will be shown below, Plaintiffs' Opposition fails to demonstrate a reason that Shurtleff and Swallow's Motion to Dismiss should not be granted.

## INTRODUCTION

Plaintiffs' opposition begins with an argument that their claims against Defendant Sean D. Reyes (Reyes) for prospective relief are not barred by the Eleventh Amendment or sovereign immunity.  (Pls.' Oppo., p. 8, Docket No. 42)  This argument is the first of several where Plaintiffs misunderstand what relief is available to them vis-à-vis each defendant, and is entirely out of place here where Reyes is not a moving party.  Plaintiffs' misunderstanding of the law and procedural status of this case is exacerbated by erroneously claiming a right to sue Shurtleff and Swallow in their official capacities.  The law on this issue is clear.  Official capacity suits are suits against the entity, and § 1983 suits for damages against the State are barred by sovereign immunity and the language of § 1983 itself because entities are not persons within the meaning of the statute.  Plaintiffs' claims against Shurtleff and Swallow in their official capacities fail as a matter of law.

Turning to Plaintiffs' individual capacity claims, Plaintiffs have not overcome Shurtleff and Swallow's claims for absolute and qualified immunity.  The conduct alleged—failure to engage in discretionary advocacy on the State's behalf that would have advanced Plaintiffs' interests—is entitled to absolute prosecutorial and legislative immunity.  Plaintiffs have also not properly pled that that this discretionary conduct was unconstitutional, and that if it was

ii

unconstitutional the contours of their rights were plainly established at the time of the alleged violation by Tenth Circuit or Supreme Court precedent.  Plaintiffs have also failed to show personal involvement by Shurtleff or Swallow in any constitutional violation.  Accordingly, Plaintiffs' claims against Shurtleff and Swallow in their individual capacities are untenable.

Turning to Plaintiffs' remaining arguments, the statute of limitations began to run when they became aware of the biological mother's deceptive conduct and that their children had been adopted without their consent.  When their lawyer told them their constitutional rights had been violated is irrelevant.  Tolling of the statute of limitations with respect to the minor children's' claims is meaningless because the Plaintiffs are not the minor children's parents and, thus, have no standing to bring suit on their behalf.   Plaintiffs have also had more than enough time to oppose Shurtleff and Swallow's Motion to Dismiss their §§ 1981 and 1982 claims and have failed to state a claim for relief under these sections.  Finally, Plaintiffs have failed to allege a § 1985 conspiracy that would support their § 1986 claims.

## ARGUMENT

**A. Plaintiffs' Official Capacity Claims are Barred by Sovereign Immunity**.

Plaintiffs argue against dismissal of their official capacity claims by asserting that **personal liability** in a § 1983 action is established through a showing that the state official acted under color of state law and caused deprivation of a federal right.  (Pls.' Oppo, p. 8, Docket No. 42) *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiffs' argument, however, demonstrates a fundamental misunderstanding of the distinction between official and individual capacity claims. Official capacity suits, as Defendants explained in their Motion, are treated as suits against the entity.  (Defs.' Mot to Dismiss, pp. 5–6, Docket No. 38), *Kentucky v. Graham*, 473 U.S. 159,165-66 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1989)).   Individual capacity claims, by contrast, seek recovery out of the responsible official's personal finances by imposing "individual liability, . . . for actions taken under color of state law."  *Hafer* 502 U.S. at 25.

Plaintiffs indeed may establish a claim against Shurtleff and Swallow in their individual capacities if they can show that they acted under color of state law and caused a deprivation of a federal right.  *Id.* This ability to proceed against them individually, however, does not create a claim against the Defendants in their official capacities.  Plaintiffs' official capacity claims against Shurtleff and Swallow, as thoroughly explained in Defendants Motion to Dismiss, are categorically barred by Eleventh Amendment sovereign immunity.  See Defs.' Mot. to Dismiss, Docket No. 38 pp. 5–6, and *Hafer*, 502 U.S. at 25.  Additionally, the State, its agencies, and employees acting in their official capacities, cannot be sued for damages under § 1983 because they are not "persons" under § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65

1

(1989). Finally, any suit against the Attorney General acting in his official capacity must be directed against the current occupant of that office. As the Court in *Hafer* explained, "when officials sued in [their official capacity] in federal court die or leave office, their successors automatically assume their roles in the litigation. *Id.* (citing Fed. R. Civ. P. 25(d)(1)). Accordingly, Plaintiffs cannot maintain official capacity claims against Shurtleff and Swallow because they no longer hold office and are no longer agents for the entity which is being sued. *Id.*

**B. Plaintiffs' Individual Capacity Claims Are Barred by Absolute and Qualified Immunity.**

**1. Absolute Immunity.**

Plaintiffs attempt to refute Shurtleff and Swallow's claims of absolute prosecutorial and legislative immunity by citing three cases where absolute prosecutorial immunity was denied. (Pls.' Oppo., p. 10, Docket No. 42.) The common thread running through each of these cases is that a prosecutor is entitled to absolute immunity when acting "in the role of an advocate in initiating and presenting the government's case" but is not entitled to immunity when engaged in investigative or administrative functions. *Mink v. Suthers*, 482 F.3d 1244, 1262 (10th Cir. 2007). *See also Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (prosecutor was not acting as an advocate when executing a sworn probable cause statement—executing statement was act that could be performed by any competent witness); *Buckley v. Fitzsimmons*, 509 U.S. 259, 274-76 (1993) (prosecutor was not functioning as an advocate when evaluating evidence ostensibly linking petitioner to crime or conducting press conference announcing indictment). These holdings, accordingly, set forth the "functional approach" for determining the applicability of prosecutorial immunity. *Mink*, 482 F.3d at 1259.

2

The cases relied on by Plaintiffs are distinguishable from the instant case. The actions taken by Shurtleff and Swallow, as alleged by Plaintiffs, clearly relate to their roles as advocates for the State. The decision not to prosecute an adoption agency, or initiate proceeds challenging the constitutionality of Utah's adoption laws, is a decision that only the Attorney General could make. It is not a task that can be carried out by an investigator or administrator. *Id.* Shurtleff and Swallow, accordingly, are entitled to absolute immunity.

Finally, Plaintiffs arguments concerning the application of prosecutorial immunity, do not address Shurtleff and Swallow's claims to absolute legislative immunity. As explained in their Motion to Dismiss, the function of recommending changes to existing statutes involves the formulation of policy as opposed to the enforcement of it and, thus, is legislative in function. (Defs.' Mot. to Dismiss, pp. 8–9, Docket No. 38.) Shurtleff and Swallow are entitled to legislative immunity for those acts which constitute the formulation of policy by either opposing or recommending changes to existing legislation.

### 2. Qualified Immunity.

#### a. Plaintiffs Have Not Shown a Constitutional Violation.

Plaintiffs' first obstacle to overcome if they are to defeat Shurtleff and Swallow's claims to qualified immunity is to plead facts which establish a violation of a constitutional right by these Defendants. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiffs attempt to meet this heavy burden by citing to cases recognizing that a biological father's relationship with his child is entitled to due process protection. (Pls.' Oppo., p. 13, Docket No. 42.) Identifying a constitutional right, however, is not the same as identifying a violation of that right by these Defendants. To establish a violation, Plaintiffs need to show that Shurtleff and Swallow acted to

obstruct their attempts to develop a relationship with their child.  Plaintiffs, of course, cannot do this.  As explained in Defendants' Motion, no court has found that the procedures provided in Utah's Adoption Statute are constitutionally deficient.  (Defs.' Mot. to Dismiss, pp. 16–17, Docket No. 38.)  Moreover, Plaintiffs have not pled any facts suggesting that Shurtleff and Swallow denied Plaintiffs access to the adoption process or otherwise prevented Plaintiffs from developing the legally significant relationship with their children that would require their consent in order for adoptions to proceed.  Finally, as previously explained, the overwhelming weight of authority supports Shurtleff and Swallow's decisions to not formally intervene in the adoption proceedings or lobby the Legislature as being well within the proper exercise of their discretion and, thus, not of constitutional significance.  (Defs.' Mot. to Dismiss, pp. 12–14, Docket No. 38.)  Because Plaintiffs cannot establish a constitutional violation, their claims fail on the first prong of qualified immunity.

      **b. Plaintiffs Have Not Shown The Violation of a Clearly Established Right.**

Even if Plaintiffs could show that Shurtleff and Swallow violated their constitutional rights, they would still have to demonstrate that the right was clearly established such that a reasonable official would have known that his or her conduct was violating the identified constitutional right.  See *Pearson* at 232.  Contrary to Plaintiffs' protestations that the reasonableness of the Defendants' conduct should be decided by a jury, it is well settled that, "there is no such thing as a 'genuine issue of fact' as to whether the officer 'should have known' that his conduct violated constitutional rights.  The conduct was either 'reasonabl[e] under settled law in the circumstances,' or it was not. . . ."  *Gomes v. Wood*, 451 F.3d 1122, 1136 (10th Cir. 2006) (quoting *Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2001)).  Plaintiffs

4

again fail to carry their burden and cite no authority that would put Defendants on fair notice that they were constitutionally obligated to investigate and prosecute Plaintiffs' claims that the Act is unconstitutional or advocate for the law's abrogation by the Legislature. Indeed, the weight of authority would in fact inform Shurtleff and Swallow that the opposite is true, as the Utah Supreme Court has repeatedly upheld the Act's constitutionality. (Defs.' Mot. to Dismiss, pp. 12–13, Docket No. 38.) Absent controlling legal authority showing a clear constitutional entitlement to the intervention Plaintiffs sought from Defendants, their claims are barred by qualified immunity. *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006).

### c. Plaintiffs Have Not Shown An Affirmative Link Between Shurtleff and Swallow and a Constitutional Violation.

Finally, even if Plaintiffs can establish a constitutional violation by someone, they have not pled facts that show personal participation in a constitutional deprivation by Shurtleff or Swallow, i.e. facts that show deliberate and intentional acts by Shurtleff or Swallow to prevent Plaintiffs from developing a relationship with their children. *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). Plaintiffs' only argument for establishing an affirmative link between Shurtleff and Swallow and the alleged constitutional violation is that Shurtleff and Swallow were aware of controversy over the enforcement of the Act and signaled some interest in investigating the issue and/or lobbying the Legislature to change the law. Neither Shurtleff nor Swallow personally participated in any decisions that prevented these fathers with the opportunity to establish a relationship with their children. In fact, as pled, the only persons who may have acted to deny these fathers their constitutional rights are private adoption agencies, and birth mothers and their families. These parties were not subordinates to

5

Shurtleff and Swallow, the former Attorneys General had no control over their conduct, and they did not actively participate in the activities of the aforementioned private parties. There is no affirmative link between the alleged conduct of these private parties and conduct of these Defendants. Therefore, Plaintiffs' claims brought under 42 U.S.C. § 1983 must be dismissed.

### C. Plaintiffs Lack Standing to Assert Criminal Claims.

The thrust of Shurtleff and Swallow's argument concerning Plaintiffs' citation to 18 U.S.C. § 1965(b), is not an improper venue argument. Rather, Shurtleff and Swallow contend that, to the extent Plaintiffs seek to assert claims under the federal criminal code in this civil proceeding, they lack standing to do so. This deficiency is not cured by citation to a different subsection of 18 U.S.C. § 1965 which refers to venue for proceedings for civil remedies for racketeering under Chapter 96—Racketeer Influenced and Corrupt Organizations, 18 U.S.C. § 1961 *et seq*. Plaintiffs have not pled a racketeering claim, nor can they as the only private right of action found in the racketeering statute is for injury to business or property. *See* 18 U.S.C. § 1964(c). To the extent the Plaintiffs seek to enforce federal criminal laws, their claims must be dismissed for lack of standing.

### D. Plaintiffs' Claims Are Untimely.

#### 1. Plaintiffs' Claims Accrued When Their Biological Children Were Adopted.

While Utah law determines which statute of limitations applies to a §1983 claim, "federal law determines the accrual of section 1983 claims." *Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995). The discovery rule that applies is the federal discovery rule, which states, "claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" *Alexander v.*

*Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004) (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir. 1994)). "A civil rights action accrues when '*facts* that would support a cause of action are or should be apparent.'" *Id.* (emphasis added) (quoting *Blumberg v. HCA Management Co.,* 848 F.2d 642, 645 (5th Cir. 1988)). A plaintiff need not have "conclusive evidence of the cause of an injury in order to trigger the statute of limitations. *Id.* at 1216. "Rather, we focus on whether the plaintiff knew of *facts* that would put a reasonable person on notice that wrongful conduct caused the harm." *Id.* (emphasis added). "A plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief."

In this case, Plaintiffs Manzanares, Wyatt, O'Dea, Thurnwald, Curry, Worsley and Anderson each were aware, well before January 22, 2010, that their biological children had been adopted without their consent and that the biological mother had engaged in some deception with respect to their intentions to place the child for adoption. They were also well aware of their own attempts to follow procedures and the results of those efforts. This, of course, begs the question, when did the light turn on for these Plaintiffs? Certainly not, as they argue, when their lawyer told them the statute was constitutionally infirm, as a lawyer's opinion is not a fact that puts a reasonable person on notice that wrongful conduct caused them harm. *Id.* (Pls.' Oppo., p. 16, Docket No. 42.) The facts that put these Plaintiffs on notice that their rights to develop relationships with their children had been obstructed, were or should have been obvious to them more than four years prior to filing their lawsuit and their claims accordingly are time barred.

7

**2. Plaintiffs' Lack Standing to Sue on Behalf of Their Biological Children.**

Plaintiffs contend that the claims brought on behalf of the minor children are not barred because the statute of limitation is tolled during the period of minority. However, even if the statute of limitations is tolled with respect to the minor children in this case, their claims fail because their biological fathers lack standing to sue on their behalf. Utah law provides: "[A] parent or guardian may bring an action for the injury of a minor child when the injury is caused by the wrongful act or neglect of another." Utah Code Ann. § 78B-3-102(1). However, all of Plaintiffs' duties and residual rights with respect to their children were dissolved upon the entry of the adoption decree. Utah Code Ann. § 78B-6-138. Accordingly, only the minor children's adoptive parents have standing to bring claims on their behalf. *See Stephens v. Hayes,* 374 Fed. Appx. 620, 622 (6th Cir. 2010) (Plaintiffs whose parental rights had been terminated lacked standing to assert federal claims on behalf of their children).

**E. Plaintiffs Have Had Adequate Time to Address the Arguments for Dismissal of their §§ 1981 and 1982 Claims.**

Shurtleff and Swallow filed their Motion to Dismiss and Supporting Memorandum on November 7, 2014. (Docket No. 38.) On December 8, 2014, the Court granted the parties' Stipulated Motion for Extension of Time to respond to the Motion to Dismiss, extending the deadline for Plaintiffs' response to December 22, 2014. (Docket No. 40.) Plaintiffs failed to meet this deadline and on January 12, 2015, at the request of Plaintiffs' counsel, the parties stipulated to a further extension until January 13, 2015. *See* Stipulated Motion for Extension of Time to Respond to Defendant Shurtleff's and Defendant Swallow's Motion To Dismiss. (Docket No. 41.) Plaintiffs had ample opportunity, over two months to formulate a response to

the Motion to Dismiss with respect to these claims. Moreover, it is clear from the Motion to Dismiss that Plaintiffs' First Amended Complaint does not state a claim under either § 1981 or § 1982 and additional time to respond will not cure these deficiencies. (Mot. to Dismiss, pp. 22–26, Docket No. 38.) Accordingly, Plaintiffs' claims pursuant to §§ 1981 and 1982 should be dismissed.

### F. Plaintiffs' §§ 1985 and 1986 Claims Fail.

As explained in Defendants' motion, liability under § 1986 is predicated upon the existence of a § 1985 conspiracy. (Defs.' Mot. to Dismiss, p. 26, Docket No. 38.) Plaintiffs failed to plead a claim under § 1985, and accordingly their § 1986 claim should be dismissed. *Santistevan v. Loveridge*, 732 F.2d 116 (10th Cir. 1984). Moreover, even a generous reading of the First Amended Complaint does not reveal a conspiracy which would support § 1986 liability. Plaintiffs argue Shurtleff and Swallow were aware the Act was unconstitutional, knew of fraudulent conduct carried about by some Utah adoption agencies, and did not intervene iin the pending adoption proceedings. (Pls.' Oppo. pp. 18–19, Docket No. 42.) This, however, does not demonstrate a conspiracy. There are no facts pled with specificity that show a racial or other class-based discriminatory animus motivated Shurtleff and Swallow's conduct. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)(§ 1985(c) (To state claim for § 1985(c) conspiracy, complaint must allege specific facts to support some racial, or other class-based, discriminatory animus). There are no facts pled with specificity showing that Shurtleff and Swallow reached an understanding or agreement to violate these Plaintiffs' federally created rights. *See Martin v. Deleware Law School*, 625 F. Supp. 1288 (D. Del. 1985). There are no facts pled with specificity showing that either Shurtleff or Swallow committed, or caused an act to be

committed, in furtherance of the conspiracy. *Griffin*, 403 U.S. at 103. Plaintiffs are not, as they claim, entitled to favorable inferences of allegations which are merely conclusions of law asserted as fact. *Papsan v. Allain*, 478 U.S. 265, 286 (1986). Finally, as stated in Defendants' motion, and reiterated above, Plaintiffs have failed to even show a constitutional violation. (Defs. Mot. to Dismiss, p. 27, Docket No. 38.) Absent the pleading of specific facts showing a civil rights violation and a § 1985 conspiracy by Shurtleff or Swallow to commit that violation, Plaintiffs' § 1986 claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, and those articulated in Shurtleff and Swallow's Motion to Dismiss, Plaintiffs' claims against Shurtleff and Swallow should be dismissed for failure to state a claim upon which relief can be granted.

DATED: January 30, 2015.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Darin B. Goff
DAVID N. WOLF
DARIN B. GOFF
Assistant Utah Attorneys General
Attorneys for Utah Attorney General's Office